NICKERSON v CITIZENS MUTUAL INSURANCE COMPANY

Opinion of the Court

1. Arbitration and Award—Determination of Issues—Vacation—Modification—Correction—Court Rules.

An arbitration award in which the arbitrator specifically declined to determine an issue left that issue for later court determination and removed that issue from the matters arbitrated; therefore, it was not necessary to conform with the court rule on vacating or modification and correction of award to preserve that undetermined issue (GCR 1963, 769).

2. Insurance—Automobiles—Occupant—Words and Phrases.

A passenger of a disabled automobile loses his status as an "occupant" by completing his exit from the automobile and remaining without any contact, in front of the automobile, while awaiting aid, where the automobile insurance policy coverage is limited to occupants "in or upon the auto or entering into or alighting from" the automobile.

3. Insurance—Automobiles—Occupant—Alighting from Automobile—Words and Phrases.

A passenger of a disabled automobile who after exiting the automobile, moved to the front of the vehicle to watch a car turn around, and who was injured when a third automobile struck the disabled automobile driving it into him was not in the process of "alighting" from the vehicle for purposes of an automobile insurance policy clause providing coverage for persons sustaining bodily injury caused by accident "while in or upon, entering into or alighting from" an automobile, because at the time of injury the passenger had completed all the acts normal to getting out of the car and was embarked upon the distinct course of conduct of watching the car turn around.

References for Points in Headnotes

[1] 5 Am Jur 2d, Arbitration and Award §§ 96, 143, 147.
[2, 3] 7 Am Jur 2d, Automobile Insurance § 127.
[4] 7 Am Jur 2d, Automobile Insurance § 2.
[5] 7 Am Jur 2d, Automobile Insurance §§ 154, 181.

4. APPEAL AND ERROR—INSURANCE—CONSTRUCTION OF POLICY.

    The language of an insurance policy, where it is not ambiguous and calls for no construction, must be considered by the Court of Appeals in its plain and understood sense.

DISSENT BY MCGREGOR, P. J.

5. INSURANCE—AUTOMOBILES—OCCUPANT—CONTINUITY OF ACTION—WORDS AND PHRASES.

    *The "continuity of action" test should be applied in determining whether a passenger of a disabled automobile loses his status as an "occupant" by exiting the vehicle and remaining without any contact, in front of the vehicle, while awaiting aid, where the automobile insurance policy clause provides coverage for occupants "in or upon, entering into or alighting from" an automobile; the continuity of action test stresses the intention of the injured party with respect to the use of the automobile and antecedent activities on the part of the injured person are relevant in determining whether he was an occupant at the time of the accident; by adding to the antecedent activities the intention of the injured party respecting the continued use of the automobile, the continuity of action test is arrived at.*

Appeal from Genesee, Ollie B. Bivins, Jr., J. Submitted Division 2 October 5, 1973, at Lansing. (Docket No. 16597.) Decided March 6, 1974. Leave to appeal granted, 391 Mich 829.

Complaint by Bruce Nickerson against Citizens Mutual Insurance Company to confirm an arbitration award in his favor. Judgment for plaintiff. Defendant appeals. Reversed and remanded.

*David G. Moore,* for plaintiff.

*Howard C. Fisher,* for defendant.

Before: MCGREGOR, P. J., and BRONSON and CARLAND,* JJ.

---

    * Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

BRONSON, J. This appeal requires consideration of a standard automobile insurance policy clause. The direct issue is one of first impression in Michigan. Plaintiff-appellee, Bruce Nickerson (hereinafter plaintiff), seeks to confirm an arbitration award in his favor. Defendant-appellant, Citizens Mutual (hereinafter Citizens), claims that plaintiff was not covered by the policy.

The issue for decision is:

DOES THE PASSENGER OF A DISABLED AUTOMOBILE LOSE HIS STATUS AS AN "OCCUPANT" BY EXITING THE AUTOMOBILE AND REMAINING WITHOUT ANY CONTACT, IN FRONT OF THE AUTOMOBILE, WHILE AWAITING AID, IF THE POLICY COVERAGE IS LIMITED TO OCCUPANTS *"IN OR UPON THE AUTO OR ENTERING INTO OR ALIGHTING FROM"* THE AUTOMOBILE?

The facts revealed by the record indicate that in the early morning hours of December 24, 1969, plaintiff was a passenger in a motor vehicle operated by Curtis Parvin on Highway M-15 in the City of Davison, Michigan. The automobile was owned by Eugene L. Parvin. The vehicle was proceeding in a northbound direction when it stalled. The occupants pushed the automobile to the right side of the road, next to the curb. Assistance was sought and received from a passing motorist but the efforts of the parties failed to get the automobile started again. Shortly thereafter, a second passing motorist was flagged down and he agreed to provide assistance. He drove his automobile a short distance to the north where there was a parking lot so as to be able to turn his automobile around and render the needed assistance. As this was occurring, plaintiff got out of the Parvin auto-

mobile on the driver's side and walked around to
the front of the automobile. Plaintiff testified that
he was in the process of moving to the curb to get
off the vehicular right-of-way.[1] At this point a
third automobile, driven by one Larry Anderson,
approached from the south and struck the Parvin
car, driving it into plaintiff. Plaintiff suffered injuries which resulted in the amputation of one leg,
injuries to the other leg, and internal injuries.

As a result of arbitration, plaintiff was awarded
the policy limit of $10,000. The arbitrator left the
question of "automobile occupancy" to court interpretation.

Counsel for plaintiff filed a complaint in Genesee
County Circuit Court praying that the court confirm the arbitrator's award. After the filing of
motions and briefs, the circuit judge filed an opinion finding that at the time he was injured plaintiff was occupying the Parvin automobile and was
an "assured" under the terms of the policy. Judgment was entered in favor of plaintiff.

Plaintiff first raises a challenge to Citizens' right
to contest the arbitrator's award confirmed by the

---

[1] The relevant testimony of Bruce Nickerson reads as follows:

"*Q.* The last you recall is that you had gotten out of the driver's
side of the Parvin vehicle and walked around the left front, and you
were then standing in front of the car?

"*A.* Yes.

"*Q.* You recall that?

"*A.* Yes.

"*Q.* Standing directly in front?

"*A.* I don't remember, sir.

"*Q.* How far in front of the car, if you recall?

"*A.* I believe I was pretty close to the car. I went around in front
and was watching the other car turn around in the parking lot, and I
was getting ready to walk back to go to the side of the car.

"*Q.* At the time of the collision, your back was to the Parvin car?

"*A.* Yes.

"*Q.* And you were watching the car in the parking lot at the
Yankee Store just to the north?

"*A.* Yes."

court. Plaintiff relies on GCR 1963, 769,[2] alleging that the failure of Citizens to file suit to vacate or modify the award within 20 days precludes a later challenge. We find it unnecessary to rule on this question. Citizens is not challenging any finding in the award. The arbitrator determined fault and damages. The arbitrator specifically declined to determine the issue of "occupancy". Occupancy was left to later court determination. If the contrary were true and GCR 1963, 769 did apply, then Citizens would be required to move to vacate or modify the award on an issue (occupancy) which was neither considered nor determined. The circuit court would have had nothing to rule upon. We do not believe GCR 769 requires this useless step. Having concluded that the appeal is properly before us, we proceed to consideration of the primary issue.

Plaintiff argues that the key to determining his status under the above policy language is "continuity of action". He argues that he was an occupant, left the car only temporarily to participate in the repair and intended to continue his journey in the insured vehicle. This presented an arguable and close question of law. Plaintiff contends that the two key factors are "immediate prior occu-

---

[2] GCR 769 provides *inter alia:*
".9 Vacating an Award.

\* \* \*

"(2) An application under this Rule shall be made within 20 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 20 days after such grounds are known or should have been known.

\* \* \*

".10 Modification or Correction of Award.
"(1) Upon application by motion made within 20 days after delivery of a copy of the award to the applicant, the court, shall modify or correct the award where \* \* \* ."

pancy" and an "injury arising out of the use or repair of the automobile". The literal language of the policy does not mention these factors. Various constructions courts have given this policy language have not directly adopted the plaintiff's interpretation of the clause language. See: Anno: *Scope of clause of insurance policy covering injuries sustained while alighting from or entering automobile,* 19 ALR2d 513; *Scope of clause of insurance policy covering injuries sustained while "in or on" or "in or upon" motor vehicle,* 39 ALR2d 952; and 138 ALR 404, 405–407.

Certain of the reported decisions, including the three relied upon by plaintiff,[3] discuss "continuity of action". However, none of these decisions either adopted this interpretation of the policy language or relied upon the concept for decision. The common thread woven into all these prior decisions involves factual situations where the claimant was, variously, in actual contact with the insured vehicle, bending over the trunk or under the hood, or still "alighting" from the vehicle. Plaintiff was neither touching the vehicle nor bending over it. The question remains—was he "alighting" from the vehicle?

Looking to 12 Couch, Insurance (2d ed), § 45.158, we find a careful consideration of the term "alighting" as used in the policy clause in issue:

"The word 'while,' as used in the phrase, 'while

---

[3] *Motor Vehicle Accident Indemnification Corp v Oppedisano,* 41 Misc 2d 1029; 246 NYS2d 879 (1964), where the Court found the plaintiff was in actual contact with the auto, thus being "upon" the auto; and *Madden v Farm Bureau Mutual Automobile Insurance Co,* 82 Ohio App 111; 79 NE2d 586 (1948), where plaintiff was in the act of putting a tire in the trunk with a portion of his body within the trunk; and also *Collins v Motorists Mutual Insurance Co,* 36 Mich App 424; 194 NW2d 148 (1971), where the principal thrust of the decision concerned the "other insurance" clause and the plaintiff was leaning over the trunk at the time of injury.

alighting' refers to some continuity of action by the insured, and to the time during which, or as long as, the alighting takes place. (Citation omitted.)

"Consequently, a person is not in the process of 'alighting' within a policy providing medical services recovery for persons sustaining bodily injury caused by accident 'while in or upon, entering or alighting' from an automobile, if at the time of the injury he has completed all the acts normally performed by the average person in getting out of an automobile under similar conditions and if he has embarked upon a course of conduct entirely distinct from that reasonably necessary to make an exit from the car. (Citation omitted.)" pp 220–221.

Plaintiff was standing in front of the car. He had completed all acts normal to getting out of the car (standing in front) and was embarked upon the distinct course of conduct[4] of watching the car turn around. While not unimpressed with plaintiff's theory and the close factual question which the learned trial judge decided in his favor, the application of this theory would require an extension of the policy language which this panel is not prepared to undertake. Thus, we conclude that where the language of the policy is not ambiguous it calls for no construction and we must consider it in its plain and understood sense. *Wertman v Michigan Mutual Liability Co,* 267 Mich 508; 255 NW 418 (1934). We find that plaintiff was not an occupant within the meaning of the clear language of the policy and accordingly we reverse the decision of the circuit court and remand for entry of an order consistent with this opinion.

Reversed and remanded. No costs.

Carland, J., concurred.

---

[4] It should be noted that the evidence clearly demonstrates that plaintiff intended to get back in the car and resume his journey after the car was repaired.

McGREGOR, P. J. *(dissenting)*. Having carefully considered the majority opinion in this matter, I find myself unable to concur therein.

As the majority opinion acknowledges, this Court has broadly construed an insurance policy provision defining "occupying" as being "in or upon, entering into or alighting from" an automobile to include a passenger who had exited from a friend's car and was bending over the trunk at the time of a fatal accident. *Collins v Motorists Mutual Insurance Co,* 36 Mich App 424; 194 NW2d 148 (1971). Indeed, the prevailing opinion indicates that, had plaintiff in this case been in physical contact with the disabled vehicle at the time of the accident, he would be deemed an occupant for purposes of the insurance policy presently under consideration.

Thus, the pivotal question becomes whether plaintiff's lack of physical contact with the disabled automobile at the time of the accident deprives him of the status of an occupant even though the evidence indicated that plaintiff had been in the car immediately prior to the accident, had exited for the limited purpose of assisting in its repair, and intended to resume his journey directly thereafter. Once the validity of the *Collins* interpretation of occupant is assumed, the problem obviously becomes a question of determining which of those persons outside the passenger compartment of the automobile are to be considered occupants. The majority's physical contact requirement seems to me less analytically appropriate than the "continuity of action" test urged by plaintiff and employed by the trial court. Most basically, an injured party's physical contact with a vehicle at the time of the mishap is an entirely fortuitous circumstance having no consistent relationship with the intended use of the vehicle as a mode of

transportation. I also note that the appellee was in contact with the automobile at the time of his injury. Conversely, the continuity of action test stresses the intention of the injured party with respect to the continued use of the automobile. *Collins* itself emphasizes that the decedent had been within the car shortly before the accident. This, in my view, indicates that antecedent activities on the part of the injured person are relevant in determining whether he was an occupant at the time of the accident. By adding to these antecedent activities the intention of the injured party respecting the continued use of the automobile, we arrive at the continuity of action test. This test is, in my opinion, a more rational method of determining occupancy.

I would affirm.