NICKERSON v CITIZENS MUTUAL INSURANCE COMPANY

Docket No. 55680. Argued December 12, 1974 (Calendar No. 9).— Decided January 21, 1975.

Plaintiff, Bruce Nickerson, was a passenger in an automobile insured by defendant, Citizens Mutual Insurance Company. The car stalled and in the course of getting assistance plaintiff got out and walked around to the front of the car. Then an automobile driven by an uninsured motorist struck the insured automobile from behind, pushing it into plaintiff, who suffered severe injuries. An arbitration award of $25,000 was made to plaintiff, but the arbitrator expressly declined to rule whether plaintiff was an assured occupying the automobile. Defendant failed to challenge the arbitration award within 20 days after receipt of a copy of the award. Plaintiff brought this action to confirm the award. The Genesee Circuit Court, Ollie B. Bivins, Jr., J., entered a modified judgment for $10,000, the policy limit. The Court of Appeals, Bronson, and Carland, JJ. (McGregor, P. J., dissenting), reversed and remanded, holding that plaintiff was not "occupying" the automobile when he was injured and thus not covered under the policy (Docket No. 16597). Plaintiff appeals. *Held:*

1. Defendant lost the right to challenge the two issues that were decided in arbitration, fault and damages, but did not lose the right to challenge whether plaintiff was an "assured" "occupying the insured automobile" within the meaning of the policy.

2. Plaintiff, because of his immediate prior "occupying" of the insured vehicle and his subsequent injury arising out of the use or repair of the same vehicle, was an "assured" under the policy of automobile insurance issued by defendant.

52 Mich App 40; 216 NW2d 484 (1974) reversed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance § 2079.

[2] 5 Am Jur 2d, Arbitration and Award § 184.

[3] 43 Am Jur 2d, Insurance §§ 1–3.

What constitutes insurance, 100 ALR 1449.

[4, 5] 7 Am Jur 2d, Automobile Insurance §§ 2, 127.

1. ARBITRATION AND AWARD—INSURANCE—QUESTIONS DECIDED—PRE-
   SERVING QUESTION—WAIVER.

   A defendant insurance company lost only the right to challenge
   two issues that *were* decided in arbitration, fault and damages,
   when it failed to challenge the arbitration award within 20
   days after receipt of a copy of the award, where a third issue,
   whether plaintiff was an assured within the meaning of defend-
   ant's policy, was not decided by arbitration.

2. ARBITRATION AND AWARD—COURT RULES—MOTION TO VACATE—
   QUESTIONS DECIDED.

   The court rule on arbitration cannot reasonably be interpreted to
   require a defendant to move to vacate or modify an arbitration
   award on an issue which was neither considered nor deter-
   mined (GCR 1963, 769).

3. INSURANCE—CONSTRUCTION OF POLICY.

   Language in an insurance policy is to be strictly construed
   against the insurer.

4. INSURANCE—AUTOMOBILES—CONSTRUCTION OF POLICY—"OCCUPY-
   ING"—PHYSICAL CONTACT.

   Interpretation of the word "occupying" in an automobile insur-
   ance policy which does not hold physical contact mandatory is
   the far more reasonable and persuasive approach, accords with
   a strict reading of the policy language which defines "occupy-
   ing" as "in or upon or entering into or alighting from", well
   implements the time-honored policy of construction of policy
   language against the insurer, and guards against recovery
   based upon "fortuitous circumstances".

5. INSURANCE—AUTOMOBILES—CONSTRUCTION OF POLICY—"ASSURED"
   —"OCCUPYING".

   Plaintiff, because of his immediate prior "occupying" of the
   insured vehicle and his subsequent injury arising out of the use
   or repair of the same vehicle, was an "assured" under the
   policy of automobile insurance issued by defendant insurance
   company, which provided protection against damages caused by
   an uninsured motorist if an "assured" was "occupying the
   insured automobile" and which defined the term "occupying"
   as "in or upon or entering into or alighting from", where the
   vehicle stalled, plaintiff got out and walked around to the front
   of the car, and a third automobile driven by an uninsured
   motorist struck the insured automobile from behind, pushing it
   into plaintiff.

*David G. Moore,* for plaintiff.

*Howard C. Fisher,* for defendant.

WILLIAMS, J. The primary question in this appeal, a matter of first impression before this Court, involves interpretation of what appears to be a common automobile insurance policy clause extending coverage for purposes of protection against damages caused by an uninsured motorist to any "assured" who was "occupying the insured automobile", the term "occupying" being defined in the policy as "in or upon or entering into or alighting from".

We hold that plaintiff in the instant case was covered under the language above due to (1) his immediate prior "occupying" of the insured vehicle, and (2) his suffering of an injury arising out of the use or repair of the same automobile. The Court of Appeals having reached a contrary conclusion, is, accordingly, reversed.

## I — Facts

On December 24, 1969, plaintiff-appellant Bruce Nickerson was a passenger in an insured automobile operated by Curtis Parvin in Davison, Michigan. The car stalled, was pushed to the side of the road by the occupants, and a passing motorist was flagged down to provide assistance. As the assisting car was turning around to come back to render aid, plaintiff Nickerson got out of the Parvin automobile on the driver's side and walked around to the front of the car. At this point, a third automobile driven by an uninsured motorist struck the insured Parvin automobile from behind, pushing it into plaintiff Nickerson who suffered injuries resulting in amputation of one leg, injuries to the other leg, and severe internal injuries.

Plaintiff sought recompense from defendant, insurer of the Parvin automobile. An arbitration award of $25,000 was made to plaintiff who thereupon filed suit in Genesee Circuit Court to confirm the award and to receive a modified judgment for $10,000, the policy limit. Plaintiff prevailed in full on February 27, 1973, the trial court finding, *inter alia,* that:

> "There were no interruptions in the action of Bruce Nickerson after the automobile stalled, between his alighting from the stalled automobile, between his pushing the stalled automobile, entering the automobile, and again alighting from the automobile at the request of Curtis Parvin for assistance, and the accident producing his injuries."

The Court of Appeals reversed in a 2–1 opinion on March 6, 1974, the majority finding that plaintiff was not an "occupant" of the Parvin vehicle within the policy language. 52 Mich App 40; 216 NW2d 484 (1974). We granted leave on May 22, 1974. 391 Mich 829.

## II —Jurisdiction

The threshold issue in this case is jurisdictional. Plaintiff contends that defendant lost the right to contest the arbitration award when it failed to challenge it within 20 days after receipt of a copy of the award.[1] However, the arbitrator did not rule

---

[1] GCR 1963, 769.9(2) provides:
".9 Vacating an Award.

\* \* \*

"(2) An application under this Rule shall be made within 20 days after delivery of a copy of the award to the applicant, except that, if predicated upon corruption, fraud or other undue means, it shall be made within 20 days after such grounds are known or should have been known."

on the issue at bar. The award reads, in relevant part, as follows:

"Issue 3 raises the question as to whether Nickerson was an assured within the meaning of the Citizens' policy. This issue bears upon whether claimant is entitled to recover from the insurer and not the uninsured motorist. *This is a matter to be decided by Court and is not subject to arbitration.*" (Emphasis added, citations omitted.)

It would appear, accordingly, that defendant only lost the right to challenge the two issues that *were* decided in arbitration: fault and damages. Defendant does not contest these issues in this appeal.[2] As the Court of Appeals noted, Rule 769 cannot reasonably be interpreted so as to require defendant "to move to vacate or modify the award on an issue (occupancy) which was neither considered nor determined. The circuit court would have nothing to rule upon". 52 Mich App 40, 44.

The instant case is properly before this Court.

### *III —Plaintiff Was "Occupant" Under Policy Language*

Under the terms of the policy issued by defendant, plaintiff was an "assured" for purposes of protection against damages caused by an uninsured motorist if he was "occupying the insured automobile". The term "occupying" is defined in the policy as "in or upon or entering into or alighting from".

With regard to this precise language, the instant case is one of first impression.[3] However, in other

---

[2] The arbitrator found that Nickerson was not guilty of contributory negligence and that he was damaged in the amount of $25,000.

[3] The Court of Appeals, however, has collaterally and summarily considered this matter once previously, holding that a plaintiff was

jurisdictions there are numerous cases interpret-
ing identical language. See generally: Annotation,
*Automobile Insurance: When Is A Person "Occu-
pying" An Automobile Within Meaning Of Medi-
cal Payments Provision,* 42 ALR3d 501.[4] What
becomes clear upon research into the law on point
is that there are two distinct lines of thought on
this matter—one line of cases requires "physical
contact" for recovery, the other line of cases holds
that "physical contact" alone is not the operative
test for coverage. In the instant case, plaintiff
claims policy coverage under this second line of

---

"occupying" an insured vehicle when "[a]t the time he was struck
decedent was bending over the trunk of a vehicle in which he had
been a passenger, but which was not disabled". *Collins v Motorists
Mutual Ins Co,* 36 Mich App 424, 426, 428; 194 NW2d 148 (1971).

Defendant contends that two prior decisions of this Court are
controlling precedent: *Eynon v Continental Life Ins Co,* 252 Mich 279;
233 NW 228 (1930), and *Wertman v Mutual Liability Co,* 267 Mich
508; 255 NW 418 (1934). However both cases are clearly distinguisha-
ble due to the difference in policy language in those cases and the
instant case.

In *Eynon,* the relevant portion of the insurance policy covered
injuries caused:

" 'By the wrecking or disablement of any private automobile, motor
driven car or horse drawn vehicle, in which the insured is riding or
driving, or by being accidently *[sic]* thrown from such automobile, car
or vehicle.

\* \* \*

" 'By being struck or knocked down or run over while walking or
standing in or on a public highway, by any automobile, or any vehicle
\* \* \* .' " 252 Mich 279, 280.
This Court in *Eynon* held that the insured's death from an explosion
while changing a flat tire was not within the policy coverage.

In *Wertman,* the insured's death through electrocution caused by
touching his car less than five minutes after striking an electrical
pole, was held not to be covered by a policy insuring against injuries
"caused while the insured is riding in \* \* \* or by being accidentally
*[sic]* thrown from the automobile hereinbefore described". 267 Mich
508, 510.

[4] *See also:* Annotation, *Scope of clause of insurance policy covering
injuries sustained while "in or on" or "in or upon" motor vehicle,* 39
ALR2d 952; Annotation, *Scope of clause of insurance policy covering
injuries sustained while alighting from or entering automobile,* 19
ALR2d 513.

cases pointing to (1) his immediate prior occupancy of the insured vehicle, and (2) his suffering of an injury arising out of the use or repair of the same vehicle.

In either case, courts considering this matter have uniformly interpreted such policy language bearing in mind the well-established maxim that language in an insurance policy is to be strictly construed against the insurer. This rule is, similarly, well-embedded in Michigan law. 14 Michigan Law & Practice, Insurance, § 93, p 71.

As well, many, if not most, of those courts leaning to the "physical contact" rule have utilized it in an expansive manner tending to favor thereby the injured claimant. See for example *Wolf v American Casualty Co,* 2 Ill App 2d 124; 118 NE2d 777 (1954) (physical contact found where claimant was 2 or 3 feet in front of the car which was pushed into him by being struck by another car from the rear—almost this case); *Madden v Farm Bureau Mutual Auto Ins Co,* 82 Ohio App 111; 37 Ohio Op 456; 79 NE2d 586 (1948) (physical contact found where claimant was leaning over the trunk); *McAbee v Nationwide Mutual Ins Co,* 249 SC 96; 152 SE2d 731 (1967) (physical contact found where claimant crushed between truck and tractor put his hands out to try to push them away).

In this vein, we should also parenthetically bear in mind, as Judge McGREGOR pointed out in his Court of Appeals opinion, that unquestionably "appellee was in contact with the automobile at the time of his injury". 52 Mich App 40, 48. Certainly it cannot be disputed that without "physical contact" in this case, there would have been no injury. Hence, a strictly literal reading of the policy language also favors plaintiff in this

case. Who can doubt that plaintiff was "upon" the car when injured?[5]

In sum, the approach to interpretation of this policy language which does not hold "physical contact" mandatory, appears to us to be by far the more reasonable and persuasive approach. It accords with a strict reading of the policy language, it well implements the time-honored policy of construction of policy language against the insurer, and, perhaps most significantly, as Judge McGREGOR and plaintiff point out, it guards against recovery based entirely upon "fortuitous circumstance". As plaintiff reasons:

"If defendant-appellee's argument that there must be a physical touching of some part of the auto were to prevail, the following situation with on again off again coverage could be easily imagined. While getting out of the auto, a person would be an occupant and covered; after closing the door but still touching it, there would be coverage; after removing his hand from the door there would be no coverage; while walking to the front of the auto, there would be no coverage; after arriving at the front of the auto, and placing his hand on the front hood, there would be coverage again; after removing his hand from the front hood, there again would be no coverage. This undoubtedly is the sort of thing the dissent in the Court of Appeals was referring to when stating that the touching or not touching is a mere fortuitous event."

## IV —Conclusion

We conclude that plaintiff Nickerson, due to his immediate prior "occupying" of the insured vehicle and his subsequent injury arising out of the use or repair of the same vehicle, was an "as-

[5] This very approach to this question was adopted by the New York Supreme Court in *Motor Vehicle Accident Indemnification Corp v Oppedisano,* 41 Misc 2d 1029; 246 NYS2d 879 (1964).

sured" under the policy of automobile insurance issued by defendant.

The trial court decision in this cause is affirmed. The Court of Appeals is reversed.

Costs to plaintiff.

T. G. KAVANAGH, C. J., and T. M. KAVANAGH, SWAINSON, LEVIN, M. S. COLEMAN, and J. W. FITZGERALD, JJ., concurred with WILLIAMS, J.