ROBSON v. LIGHTNING ROD MUTUAL INSURANCE COMPANY.*

(No. 77CV-08-3600—Decided April 27, 1978.)

Court of Common Pleas of Franklin County.

*Mr. Stanley L. Myers,* for plaintiff.
*Mr. Walter J. Siemer,* for defendant.

MARTIN, J. This matter came on to be heard on plaintiff's motion for summary judgment filed November 10, 1977. A non-oral hearing was set for December 6, 1977, and several memoranda were filed subsequently by both parties. The only affidavit filed is that of the plaintiff, Dennis C. Robson. The sole issue involved in this case is whether or not plaintiff is to be considered an insured under defendant Lightning Rod Mutual's uninsured motorists provision.

---

*Judgment affirmed by Court of Appeals for Franklin County on September 28, 1978, 59 Ohio App. 2d 261.

The plaintiff's affidavit sets out the facts upon which this claim is predicated. On January 15, 1977, plaintiff was injured by the negligence of an uninsured motorist. At the time of the accident, plaintiff had been loading a stereo into the trunk of John D. Zaleski's auto and was struck from behind. Prior to the accident, plaintiff had been a passenger in Zaleski's auto and had visited a friend in the hospital twice and gone to a basketball game. Apparently, it was their intention to take the stereo to a friend's house for the evening. Plaintiff claims coverage under Zaleski's automobile coverage—Policy No. LA 73666 issued by defendant, Lightning Rod. Defendant does not dispute any of the facts recited; the sole issue being one of law, the matter is thus properly before the court on the summary judgment proceeding. The relevant portions of the defendant's insurance policy are set out below:

"*Coverage D—Protection Against Uninsured Motorists Coverage.*

"*Persons Insured.* The following are insureds * * *

"(b) any other person while occupying an insured automobile.

"*Definitions.* As used in this policy: occupying means in or upon, entering into or alighting from;"

Thus, the issue becomes whether or not plaintiff was in or upon, entering into, or alighting from the Zaleski vehicle while loading the stereo set into the automobile's trunk.

Although there are cases in Ohio construing a similar clause with respect to medical payments coverage, this would appear to be a case of first impression in Ohio as to uninsured motorists coverage. Defendant urges that the court adopt a strict interpretation; plaintiff appears to ask the court to adopt a use test.

In searching foreign jurisdictions for case law, this court has found what appears to be a split of authority. The minority courts apply a very strict, technical definition of the wording set out above. For example, the Virginia Supreme Court of Appeals held that a good Samaritan who was leaning over the engine of a stalled car checking the wiring was not covered even though the stalled car was struck by

an uninsured motorist. The court required that the word upon be interpreted in some connection with occupying; since the good Samaritan was in a position bearing no relation to the occupancy of the auto, he was not an insured under the uninsured motorists coverage. *Pennsylvania National Mut. Cas. Ins. Co.* v. *Bristow* (1966), 207 Va. 381, 150 S. E. 2d 125. Even more strict is the test applied by a Michigan Court of Appeals. That court requires that the claimant be physicially touching the vehicle in question for coverage to apply. *Nickerson* v. *Citizens Mut. Ins. Co.* (1975), 52 Mich. App. 40, 216 N. W. 2d 484, reversed in 393 Mich. 324, 224 N. W. 2d 896 (1975), discussed below.

What appears to be the majority view is summarized by Professor Widiss in A Guide to Uninsured Motorist Coverage (1976 Supp.) at page 36, Occupying, Section 2.11:

"* * * these opinions seem to be defining coverage either in terms of a reasonable geographic perimeter around an insured vehicle, or a kind of relationship between the vehicle and the claimant—such that so long as the passengers, drivers or passengers are within that area or engaged in a task related to the operation of the vehicle they are within the scope of coverage."

These more liberal opinions include *Smith* v. *Girley,* (1971), 260 La. 223, 255 S. 2d 748, in which a deputy sheriff was injured in a collision between a stalled automobile and an uninsured motorist. At the time of the accident, he had been attempting to start the stalled vehicle, and the Supreme Court of Louisiana held that it is not necessary for a plaintiff to prove, as an essential element of his claim, that he was physically touching the insured vehicle at the time of impact. In *Cocking* v. *State Farm Mutual* (1970), 6 Cal. App. 3d. 965, 86 Cal. Reptr. 193, the First District Court of Appeals held that uninsured motorists coverage extended to a driver who was using the insured's auto permissively. Having encountered a snowstorm, the claimant was preparing to put on tire chains. Although the claimant was between one and four feet from the vehicle at impact, the court held that he was an insured un-

der the uninsured motorists coverage, stating, at page 971, as follows:

" * * * plaintiff was performing an act physically and directly related to the car. * * * His injury * * * occurred while he was 'using' the car and while he was 'upon' the Volkswagen within the meaning of the policy * * *."

A similar uninsured motorists provision was extended to include the passenger of a taxicab who was injured by an uninsured motorist while standing outside the vehicle, paying his fare. The court noted that:

"* * * a person has not ceased 'occupying' a vehicle until he has severed his connection with it—*i. e.*, when he is on his own without any reference to it. If he is still vehicle-oriented, as opposed to highway-oriented, he continues to 'occupy' the vehicle." *Allstate Ins. Co.* v. *Flaumenbaum* (1970), 62 Misc. 2d 32, 308 N. Y. Supp. 2d 447, 462.

In *State-Wide Ins. Co.* v. *Murdock* (1969), 31 A. D. 2d 978, 299 N. Y. Supp. 2d 348, affirmed 25 N. Y. 2d 674, 306 N. Y. Supp. 2d 678, the court extended coverage to a passenger who was hit by an uninsured motorist after alighting from the vehicle. Again, the claimant was not touching the insured vehicle at the time of impact. *Fischer* v. *Aetna Ins. Co.* (1971), 65 Misc. 2d 191, 317 N. Y. Supp. 2d 669, and *Ins. Co. of North America* v. *Perry* (1964), 204 Va. 833, 134 S. E. 2d 418, seem to indicate the limits of the majority view. In *Fischer, supra*, the plaintiff had stopped to assist an injured man on the highway. The plaintiff parked his automobile in a parking lot, removed the ignition key and walked back approximately 25 feet to administer first aid. While walking to a nearby firebox, he was struck by a hit-and-run driver, but was denied coverage under the uninsured motorists provision. Similarly, in *Perry, supra*, the court held that a sheriff's deputy who was approximately 165 feet away from his vehicle while serving a warrant when struck by an uninsured motorist was not an insured for purposes of the uninsured motorists coverage. In both of these cases, it is clear that both claimants were no longer in a reasonable geographic perimeter around an insured vehicle, nor were they performing an act directly related to the car; they had clearly severed

their connection and were no longer vehicle oriented, but had become highway oriented.

The gist of these decisions seems to be that coverage will be afforded under the uninsured motorists provision if the accident occurs in reasonably close proximity with the insured automobile and involves an activity directly related with it. Although it is not possible to draw an exact line of demarcation, it would appear that once the plaintiff has moved to a point that is a substantial distance from the vehicle, thus indicating that the intended journey has terminated, the coverage will not apply. Ultimately, each case must stand on its own facts.

In the instant case, it seems clear that the plaintiff was in sufficiently close contact with the insured automobile so as to come within the protection of the defendant's insurance policy. Not only had the plaintiff and Zaleski exhibited a continuing course of conduct involving plaintiff as a passenger, Zaleski was actually in the insured vehicle preparing to set off for a friend's house at the time of the accident. Plaintiff was within a reasonable geographic perimeter around the insured vehicle such that he was within that area and engaged in a task related to the operation of the vehicle. He was performing an act directly related to the automobile; plaintiff was vehicle oriented and had not severed his connection with the insured vehicle. The reasoning of the Michigan Supreme Court in *Nickerson, supra* (393 Mich. 324), in reversing the Court of Appeals' decision noted above employing the physical touching requirement commends itself to this court. After noting that there was obviously physical contact with the insured vehicle (in that the injury was inflicted by the vehicle), the court noted, at page 331:

"In sum, the approach to interpretation of this policy language which does not hold 'physical contact' mandatory, appears to us to be by far the more reasonable and persuasive approach. It accords with a strict reading of the policy language, it well implements the time-honored policy of construction of policy language against the insurer, and, perhaps most significantly * * * it guards against recovery based entirely upon 'fortuitous circumstance'."

The court then discussed the plaintiff's reasoning on appeal in which plaintiff set up a chain of events constituting on again, off again coverage. That is, a court applying the strict physical contact test could be faced with the following situation:

"While getting out of the auto, a person would be an occupant and covered; after closing the door but still touching it, there would be coverage; after removing his hand from the door there would be no coverage; while walking to the front of the auto, there would be no coverage; after arriving at the front of the auto, and placing his hand on the front hood, there would be coverage again * * *. " *Id.*

Thus, it is the opinion of this court that plaintiff was either "upon" or "entering into" the insured automobile at the time of the accident. Consequently, plaintiff has satisfied the policy definition of occupying so as to be included as an insured under the Lightning Rod Mutual insurance policy. Plaintiff's motion for summary judgment is, therefore, SUSTAINED since there is no genuine issue of any material fact, and plaintiff is entitled to judgment as a matter of law.

*Motion for summary judgment sustained.*