YOERGER, Appellee,

v.

GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant.

[Cite as *Yoerger v. Gen. Acc. Ins. Co. of Am.* (1994), 98 Ohio App.3d 505.]

Court of Appeals of Ohio,
Franklin County.

No. 94APE04–501.

Decided Nov. 15, 1994.

*Carlile, Patchen & Murphy* and *Scott R. Mergenthaler,* for appellee.

*Wiles, Doucher, Van Buren & Boyle Co., L.P.A.,* and *Thomas E. Boyle,* for appellant.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of General Accident Insurance Company of America, defendant-appellant, from the February 23, 1994 decision and March 10, 1994 judgment entry of the Franklin County Court of Common Pleas, which declared that plaintiff-appellee was "occupying" an insured vehicle at the time of the accident, and was therefore entitled to recover compensatory damages for the bodily injuries he sustained as a result of the June 4, 1991 accident. On appeal, appellant asserts the following assignment of error:

"The trial court prejudiciously erred in finding that appellee was 'occupying' an insured vehicle at the time he was injured."

Appellant also sets forth two issues for review, as follows:

"A. Whether, under Ohio law, the finder of fact must consider the distance between the injured person and the insured vehicle in determining whether the injured person was 'occupying' the vehicle at the time of his injury.

"B. Whether an injured person claiming under uninsured/underinsured motorist coverage, who was not engaged in an activity related to the insured vehicle at the time of the accident, is 'occupying' the insured vehicle."

The facts of this case are as follows: On June 4, 1991, appellee was working on a highway construction project in North Carolina, when he was struck by an uninsured/underinsured motorist. He was severely injured as a result. At the time of the accident, appellee worked for Ampsco Corporation, which had a policy of insurance with appellant. Pursuant to that policy, anyone who "occupied" a covered automobile was an "insured." Appellee brought a declaratory judgment action, requesting the trial court to determine that he was an "insured," and that he was "occupying" an insured vehicle pursuant to the policy.

The parties submitted this issue on briefs and the trial court subsequently held that appellee was occupying an insured vehicle (the saw truck), and therefore was covered by the uninsured/underinsured provision of the policy.

Appellant argues that the trial court erred in finding that appellee was occupying the saw truck for two reasons. Appellant first argues that the trial court failed to consider the distance between appellee and the insured vehicle. Appellant also argues that appellee was not engaged in an activity related to the insured vehicle at the time of the accident, and therefore, was not "occupying" the insured vehicle.

Several courts in Ohio have construed the term "occupying" for purposes of insurance coverage. A review of the case law in Ohio demonstrates that one must have a relationship to the insured vehicle, and one must be within a reasonable geographic area of the vehicle, in order to be considered "occupying" a vehicle. As stated by the Ohio Supreme Court:

"In construing uninsured motorist provisions of automobile insurance policies which provide coverage to persons 'occupying' insured vehicles, the determination of whether a vehicle was occupied by the claimant at the time of the accident should take into account the immediate relationship the claimant had to the vehicle, within a reasonable geographic area." *Joins v. Bonner* (1986), 28 Ohio St.3d 398, 401, 28 OBR 455, 457, 504 N.E.2d 61, 63–64.

Furthermore, the performance of a task related to the operation of an insured vehicle provides a sufficient basis for a relationship between the claimant of underinsured benefits and the vehicle, even when the claimant has no other connection to the vehicle. Additionally, if appellee's conduct is *foreseeably identifiable with the normal use of the vehicle*, that also constitutes a sufficient relationship to the insured vehicle, for purposes of determining coverage. *Morris v. Continental Ins. Cos.* (1991), 71 Ohio App.3d 581, 587, 594 N.E.2d 1106, 1110. Appellant argues that appellee was removing old reflector lenses at the time that

he was hit and that this particular activity was not related to the saw truck. Appellee was part of a six-person crew that was replacing reflector lenses and castings located in highway pavement. All of the reflector lenses were being replaced. The castings were being replaced on an as-needed basis. Every reflector lens is glued into a casting and is placed in a hole that is cut by the saw truck. It was appellee's job to drive the saw truck and look for broken or missing castings. If he found a broken or missing casting, appellee would then cut a new hole in the asphalt, using the saw on the saw truck. Part of appellee's job also entailed checking the depth of the cut. To do this, appellee would take a casting and reflector and simply place them in the hole to see if the depth of the cut was sufficient. As appellee checked these cuts, he also removed broken reflector lenses. Appellee also removed broken reflector lenses in order to check the condition of the castings below. Appellee would then return to the saw truck and continue driving until he found another broken or missing casting.

■ There is conflicting evidence as to what appellee was actually doing when he was struck by the uninsured/underinsured motorist. Appellee testified that he "assumed" that he was checking the depth of the cut, because he remembers that he was kneeling down when he was hit. Barry Rudolph, a member of the crew, also drew some conclusions, based upon what he saw at the accident scene. It was his testimony that he believed that appellee was popping out old reflector lenses, an activity which appellant argues does not require the use of the saw truck.

We cannot find that the trial court erred in its finding that either activity was *foreseeably identifiable* with the normal use of the saw truck. Clearly, appellee had the responsibility to look for missing or broken castings. Once he found a missing or broken casting, he would utilize the saw truck to cut a new hole. Appellee tried to cut the new holes for new castings close to the holes which contained broken castings, or which were missing castings completely. He would then be required to get out of the saw truck to examine the depth of the new hole by inserting a casting. As stated previously, appellee would also remove reflectors in order to ascertain the condition of the castings below. The trial court found that all of these activities were foreseeably identifiable with the normal use of the saw truck, and we affirm that finding.

■ Although we agree with the trial court's finding that appellee was engaged in an activity that was foreseeably identifiable with the use of the insured vehicle, and was therefore related to the insured vehicle, we find that the trial court failed to sufficiently address the issue of the distance between the appellee and the insured vehicle. In order to reach the conclusion that appellee was "occupying" the saw truck for purposes of insurance coverage, he must have been within a reasonable geographic perimeter of the vehicle. *Morris, supra.* Otherwise, any

members of that construction crew who were checking the depths of cuts, or removing reflectors, regardless of their proximity to the saw truck, would be considered an insured under this policy, simply because they were performing tasks that are "related to," or are "foreseeably identifiable with," the use of the saw truck.

The trial court failed to articulate any finding on the issue of appellee's proximity to the saw truck at the time of the accident. Rudolph first testified that appellee ended up three hundred twenty to four hundred feet from the front of the truck. Rudolph further testified that appellee was one hundred twenty to one hundred sixty feet from the truck. Rudolph testified that the middle lane was closed for this construction while appellee, the police report and Dyson, the uninsured/underinsured motorist, all indicated that the right lane was closed. Appellee testified that he was only about ten feet in front of the truck when the accident happened.

In a further effort to ascertain the distance between appellee and the truck, Rudolph testified as to the location of appellee's shoes. He first testified that the shoes were two hundred feet from the truck, and thirty to forty feet from appellee. He later testified that the shoes were only ten feet from appellee. Thus, we remand this case to the trial court to make a factual determination as to the geographic proximity of appellee to the insured vehicle at the time of this accident. See *Robson v. Lightning Rod Mut. Ins. Co.* (1978), 59 Ohio Misc. 61, 64, 13 O.O.3d 280, 282, 393 N.E.2d 1056, 1057, affirmed (1978), 59 Ohio App.2d 261, 13 O.O.3d 268, 393 N.E.2d 1053, for an excellent discussion of this issue.

For all of the above reasons, appellant's sole assignment of error is sustained in part and overruled in part, and this matter is remanded to the Franklin County Court of Common Pleas for further proceedings consistent with this opinion. Costs to be assessed equally to appellant and appellee.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

PEGGY BRYANT and TYACK, JJ., concur.