LANKFORD v CITIZENS INSURANCE COMPANY OF AMERICA

Docket Nos. 101764, 101802. Submitted June 13, 1988, at Grand Rapids. Decided September 8, 1988.

Jon S. Lankford rented a car which was insured by Aetna Casualty and Surety Company. Lankford was involved in a collision. He exited from the vehicle and pushed it to the curb, but was not able to push it off the roadway. He placed the vehicle in park and turned the engine off. He then walked around to the front of the vehicle to inspect the damage. Another automobile, driven by an uninsured motorist, struck the rented vehicle from behind and the rented vehicle struck and injured Lankford. Aetna denied coverage based on its policy which provided uninsured motorist coverage to one "occupying" the insured vehicle at the time of his injuries. Citizens Insurance Company of America is the insurer of Lankford's personal automobile. Jon S. Lankford and Laura J. Lankford brought an action in the Kent Circuit Court against Citizens and Aetna seeking a declaratory judgment as to which defendant has, or in which order the defendants have liability to plaintiffs on their policies of uninsured motorist coverage. The trial court, Stuart Hoffius, J., granted summary disposition in favor of Aetna and in favor of plaintiffs against Citizens. Plaintiffs and Citizens appealed. The appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. Lankford is entitled to first-party benefits under the no-fault act.

2. Under the no-fault act and under the facts of this case,

REFERENCES

Am Jur 2d, Automobile Insurance § 136.

What constitutes "entering" or "alighting from" vehicle within meaning of insurance policy, or statute mandating insurance coverage. 59 ALR4th 149.

What constitutes occupancy of motor vehicle for purposes of no-fault automobile insurance coverage. 35 ALR4th 364.

Validity and construction of "no-fault" automobile insurance plans. 42 ALR3d 229.

Lankford was not an occupant of the rented vehicle when he was struck by it. Aetna properly denied coverage.

3. Summary disposition was correctly granted to Aetna and to plaintiffs. Citizens is primarily liable to plaintiffs.

Affirmed.

INSURANCE — NO-FAULT — OCCUPANTS.

The term "occupant," for purposes of the no-fault act, must be given its primary and generally understood meaning; a person who has exited from a disabled vehicle, pushed the vehicle to the side of the road, and is standing in front of the vehicle when it is struck by another vehicle and who is therby injured, is not an occupant of the parked vehicle.

*Pinsky, Smith, Fayette, Soet & Hulswit* (by *H. David Soet*), for plaintiffs.

*Bremer, Wade, Nelson & Alt* (by *Phillip J. Nelson*), for Citizens Insurance Company of America.

*Cholette, Perkins & Buchanan* (by *Robert J. Riley*), for Aetna Casualty and Surety Company.

Before: WEAVER, P.J., and DOCTOROFF and M. F. SAPALA,* JJ.

PER CURIAM. Plaintiffs commenced this declaratory judgment action to determine in what order defendants were liable to plaintiffs as insurers. The trial court determined that Aetna Casualty and Surety Company was not liable to plaintiffs as a matter of law and that Citizens Insurance Company of America was primarily liable to plaintiffs. An order was entered granting summary disposition to Aetna and also to plaintiffs against Citizens. Plaintiffs and Citizens appealed as of right. The appeals were consolidated by the Court of Appeals. We affirm the order of the trial court.

In October, 1984, plaintiff Jon S. Lankford

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

rented a car from Highland Chrysler-Plymouth, Grand Rapids, Michigan. The rented vehicle was insured by Aetna. Citizens insured Lankford's personal automobile.

While Lankford was driving the rented vehicle, he collided with another automobile. The damage to the rented vehicle involved the front and left side. Lankford exited from the vehicle and pushed it to the curb, but was not able to push it off the roadway. He put, the transmission in "Park" and turned the engine off. Lankford then walked around to the front of the vehicle to assess the damage. While he was bending over the front of the car, with his right knee touching the front bumper and his right hand on top of the car's hood, another automobile, driven by an uninsured motorist, struck the rented vehicle from behind. It lurched forward and hit Lankford. As a result of the second collision, Lankford required surgery and has a permanent, partial loss of function of his right knee. The second accident occurred less than one and a half minutes after Lankford alighted from the rented vehicle.

Before considering the dispute between the parties to this appeal, we confirm plaintiffs' entitlement to first-party benefits under the no-fault act. Such benefits are available where the claimant proves "accidental bodily injury arising out of the ownership, operation, maintenance or use of a motor vehicle as a motor vehicle." MCL 500.3105(1); MSA 24.13105(1). The evidence established that Lankford's injury clearly arose out of the operation, maintenance, or use of the rented vehicle. Further, recovery is provided where the vehicle was parked "in such a way as to cause unreasonable risk of the bodily injury which occurred." MCL 500.3106(1)(a); MSA 24.13106(1)(a). The rented vehicle was parked in such a manner

because the curb prevented Lankford from pushing the car off the roadway.

The issue presented in this appeal is which of the two insurance companies before us is responsible for the payment of first-party no-fault benefits. Both Aetna's policy and Citizens' policy provide for uninsured motorist coverage. Both defendants denied liability for Lankford's injuries, each contending that the other insurer was primarily liable.

The Aetna policy provides primary coverage on vehicles owned by Highland Chrysler-Plymouth to anyone "occupying" the vehicle. Because Lankford was not the named insured under Aetna's policy, his entitlement to uninsured motorist coverage under that policy depends upon whether he was occupying the insured vehicle at the time of his injuries.

Lankford was the named insured under Citizens' policy. Citizens acknowledges that he is entitled to uninsured motorist coverage in this case, even though the vehicle insured by Citizens was not involved in the accident. Citizens maintains, however, that its uninsured motorist coverage is excess to Aetna's uninsured motorist coverage, pursuant to the following provision contained in Citizens' policy:

> Other Insurance
> With respect to bodily injury to an Assured *while occupying an automobile not owned by the named Assured,* the insurance under Section Four shall apply only as *excess* insurance over any other similar insurance available to such Assured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limit of liability of such other insurance. [Emphasis added.]

Aetna moved for summary disposition under MCR 2.116(C)(8) and (10), contending that, on the facts of this case, Lankford was not an "occupant" of the insured motor vehicle and, therefore, Aetna was not required to provide uninsured motorist coverage. Aetna placed its reliance for the definition of occupant on *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984), and *Hackley v State Farm Mutual Automobile Ins Co,* 147 Mich App 115; 383 NW2d 108 (1985), lv den 424 Mich 907 (1986).

Plaintiffs moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that the definition of occupying under Aetna's policy is controlled by *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), and, therefore, Aetna's policy provides primary coverage.

The trial court granted summary disposition in favor of Aetna and in favor of plaintiffs against Citizens, stating:

> I am of the opinion that *Nickerson* is a special case, and I am going to follow the *Royal Globe* case, and Aetna can be out.

The trial court did not specifically state under which court rule it was granting summary disposition. We find that, because the trial court considered and relied upon plaintiffs' affidavit, summary disposition was granted pursuant to MCR 2.116(C)(10). A motion for summary disposition under MCR 2.116(C)(10) tests the factual support for a claim. In ruling on such a motion, the trial court must consider not only the pleadings, but also depositions, affidavits, admissions and other documentary evidence and must give the benefit of any reasonable doubt to the nonmoving party, being liberal in finding a genuine issue of material

fact. *Morganroth v Whitall,* 161 Mich App 785, 788; 411 NW2d 859 (1987). Summary disposition is appropriate only if the court is satisfied that it is impossible for the nonmoving party's claim to be supported at trial because of a deficiency which cannot be overcome. *Bambino v Dunn,* 166 Mich App 723, 726; 420 NW2d 866 (1988).

We hold that summary disposition was correctly granted to Aetna and to plaintiffs. We further hold that *Royal Globe* controls on the facts of this case and that Citizens is primarily liable to plaintiffs.

In *Nickerson,* a pre-no-fault act decision, the plaintiff was a passenger in a stalled vehicle. The car was pushed to the side of the road and a passing motorist was flagged down to assist. The plaintiff got out of the automobile and walked around to the front of the vehicle. A third automobile, driven by an uninsured motorist, struck the stalled car, pushing it into the plaintiff and causing severe injuries.

The insurance policy in *Nickerson,* p 328, provided that the plaintiff would only be covered for injury caused by an uninsured motorist if the plaintiff was occupying the insured automobile. Occupying was defined as "in or upon or entering into or alighting from."

The Supreme Court interpreted the term occupying very broadly to include persons not actually inside or in contact with the vehicle at the time of the accident. Rather, "immediate prior 'occupying' of the insured vehicle" was sufficient to bring the claimant within the contemplation of the term. *Nickerson,* p 331; *Hackley,* p 120.

In *Royal Globe,* the plaintiff was struck by a vehicle which her husband was backing into a garage. At the time she was hit, the plaintiff had just exited from the vehicle and was attempting to open the door of the house. *Id.,* pp 567-568. The

insurance company's responsibility for the payment of no-fault benefits to the plaintiff turned upon whether the plaintiff was an occupant of the vehicle in question.

The trial court in *Royal Globe* relied upon *Nickerson* to hold that the plaintiff was occupying the vehicle when she was hit. However, on appeal, it was held that the *Nickerson* decision offered no application to cases arising under the no-fault act:

> The first and most significant distinction between *Nickerson* and this case is the fact that *Nickerson* is a pre-no-fault act case in which the Court was construing the terms of a private insurance contract rather than, as in this case, the language of a statute. . . .
>
> A second important distinction between *Nickerson* and this case is that, in *Nickerson,* the term being construed was "occupying," and it was expressly defined in the policy as meaning "in or upon or entering into or alighting from." The operative term in the no-fault act and applicable to this case is "occupant" which is not defined in the statute and is not used together with the expression "entering into or alighting from" the vehicle.
>
> A further and significant distinction between this case and *Nickerson* is that, in the latter, if this Court had not found Nickerson to be an occupant of the Parvin vehicle, Nickerson would have had no recovery for his injuries under the insurance policy since the vehicle which caused his injuries was uninsured. Under the no-fault act, and the facts of this case, no such dilemma exists. . . . Thus, a purposely broad construction of the term "occupant," for the public policy purpose of finding coverage, and, as the *Nickerson* Court put it, to guard against recovery based entirely upon "fortuitous circumstances," is unnecessary and inappropriate, *Nickerson,* therefore, on its facts and in the rules governing the interpretation of its language, is simply inapplicable to this

case and cases like it requiring construction of the term "occupant" in the no-fault act. [*Royal Globe,* pp 572-574. Citations omitted.]

We hold that, although factually *Nickerson* is on point with this case, the public policy considerations behind the *Nickerson* Court's interpretation of the term occupying are no longer applicable or binding in no-fault act cases. *Royal Globe,* p 576. The rationale underlying the *Nickerson* decision was eliminated by the repeal of the uninsured motorist statute and the passage of the Michigan no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Under no-fault legislation, all fundamental damages are provided for through first-party personal protection coverage or the assigned claims facility, MCL 500.3172; MSA 24.13172. Thus, the primary dilemma which one injured by an uninsured motorist previously faced no longer exists. *St Bernard v Detroit Automobile Inter-Insurance Exchange,* 134 Mich App 178, 188-189; 350 NW2d 847 (1984).

This case arises under the no-fault act. We hold, therefore, that the interpretation of occupant as determined by *Royal Globe* applies and we must use its primary and generally understood meaning. *Hackley,* pp 122-123. Under the no-fault act and under the facts of this case, we find that Lankford was not an occupant of the rented vehicle when he was struck by it.

We hold that the trial court properly declined to rely upon the "immediate prior occupancy" test derived from *Nickerson* since the validity of this test for use in construing the provisions of the no-fault act was rejected in *Royal Globe. Hackley,* p 123. Summary disposition was properly granted.

Affirmed.