METROPOLITAN PROPERTY & LIABILITY INSURANCE COMPANY v DiCICCO, No. 81433, 5/November 1988. See, however, the addenda to the opinions of BOYLE, J., and CAVANAGH, J., the texts of which are set forth below. Reported at 432 Mich 656, 701, 737.

BOYLE, J. Metropolitan's rehearing motion points out that it has defended DiCicco in the underlying tort suit while simultaneously pursuing the present declaratory judgment action which sought a determination that Metropolitan was: (1) not required to indemnify DiCicco for any judgment rendered against him in the underlying suit, and (2) not required to further defend him in that underlying suit. Metropolitan's motion also explains that, in simultaneously pursuing these courses of action, it was acting in accordance with the common insurance company practice of acknowledging its duty to defend until receiving a declaratory judgment that it no longer has a duty to defend because it has no coverage for the incident or conduct in question. In light of these representations, I withdraw those portions of my original opinion suggesting that whether Metropolitan has an obligation to indemnify DiCicco will be determined by fact findings in the underlying tort suit. My opinion should not be read as deciding that questions of insurance coverage should be determined in the underlying tort suit where the insurer has commenced a declaratory judgment action to resolve such coverage questions.

It follows that because the trial court, in deciding this declaratory judgment action, did not apply the test articulated in the opinion, i.e., whether DiCicco subjectively expected or intended to injure Gravenmier, the appropriate relief is to remand this case to the trial court for the application of that standard in this declaratory judgment action and for a determination of whether Metropolitan owes a duty to indemnify or further defend DiCicco in the underlying action.

BRICKLEY, J., concurred with BOYLE, J.

CAVANAGH, J. In my initial partial concurrence, I agreed with the conclusion of Justice BOYLE's opinion that a remand is necessary to determine the existence of coverage under the "subjective test." I now

write to clarify that I join in both the reasoning and the result of the opinion of my sister, Justice BOYLE, as amended, on both the issues of the duty to indemnify and the duty to defend.

ARCHER, J. I join the result and the reasoning, as expressed in part II(A), of Justice BOYLE's opinion as amended.

*Order Published September 22, 1989:*

PROPOSED AMENDMENT OF MCR 7.303. On order of the Court, this is to advise that the Court has decided to adopt a proposed amendment of MCR 7.303 so as to rescind it effective February 1, 1990. This notice is given to afford any interested person the opportunity to comment.

RULE 7.303. REVIEW IN INDIGENT CRIMINAL CASES.

[Rescinded.]

A copy of this order will be given to the secretary of the State Bar and to the State Court Administrator so that they can make the notifications specified in MCR 1.201. Comments may be sent to the Supreme Court Clerk within 60 days after it is published in the Michigan Bar Journal. When filing a comment, please refer to our file number 89-28.

*Order Published October 2, 1989:*

PROPOSED AMENDMENT OF RULE 1.8(e)(1) OF THE MICHIGAN RULES OF PROFESSIONAL CONDUCT. On order of the Court, a proposed amendment of Rule 1.8(e)(1) of the Michigan Rules of Professional Conduct having been published for comment, 432 Mich 1221 (1989), and the comments having been considered, the amendment is not adopted, because the Court is not persuaded that MRPC 1.8(e)(1) should be amended.

ARCHER, BOYLE, and CAVANAGH, JJ., dissent and state:

Having reviewed the request and recommendation of the State Bar that we amend Rule 1.8(e)(1), and the Court having received a large number of comments supporting the change and none opposed, we would favor the adoption of this amendment. It is entirely appropriate. It is consistent with the intent of the Rules of Professional Conduct and would serve the public and the Bar well.

*Rehearing Denied October 16, 1989:*