ROHLMAN v HAWKEYE SECURITY INSURANCE COMPANY

Docket No. 112670. Submitted August 7, 1990, at Detroit. Decided
August 5, 1991, at 9:45 A.M.

Frederick R. Rohlman brought an action in the Oakland Circuit
Court against Hawkeye Security Insurance Company and oth-
ers, seeking in part a declaration regarding his entitlement to
benefits under a no-fault policy issued by Hawkeye to Vicki
Stevens. The plaintiff sustained injury while traveling in Ohio
as Stevens' passenger when he was struck by a hit-and-run
driver as he attempted to right a trailer being towed by
Stevens' vehicle. Hawkeye moved for summary disposition,
contending that the plaintiff was not entitled to benefits under
its no-fault policy because he was not occupying the van when
he sustained injury. The court, David F. Breck, J., denied the
motion, ruling in part that under a broad construction of the
term "occupying" as used in the policy, the plaintiff was
occupying the van at the time of the accident. The court
subsequently granted summary disposition for the plaintiff and
awarded him benefits under the personal protection insurance
and uninsured motorist provisions. Hawkeye appealed.

The Court of Appeals *held:*

1. *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324 (1975),
which held that the term "occupying" in an automobile insur-
ance policy should be construed broadly to include persons not
actually inside or in contact with a vehicle at the time of an
accident if there was "immediate prior occupying of the vehi-
cle" and the subsequent injury arose out of the use or repair of
the vehicle, controls in this case. *Royal Globe Ins Cos v Frank-
enmuth Mutual Ins Co,* 419 Mich 565 (1984), which held that
an automobile passenger who got out of the automobile, walked
sixty feet to a garage, and then was struck by the automobile
near the garage was not an "occupant" of the automobile for
purposes of §§ 3114 and 3115 of the no-fault act, MCL 500.3114,
500.3115; MSA 24.13114, 24.13115, does not. What is at issue is

REFERENCES

Am Jur 2d, Automobile Insurance §§ 354-356.

What constitutes occupancy of motor vehicle for purposes of no-
fault automobile insurance coverage. 35 ALR4th 364.

the construction of the term "occupying," as used in an insurance policy, rather than the construction of the term "occupant," as used in the no-fault act.

2. The Court of Appeals panel in *Lankford v Citizens Ins Co of America,* 171 Mich App 413 (1988), transgressed stare decisis in construing "occupying," as used in an automobile policy, by following *Royal Globe.* The *Lankford* panel should have followed *Nickerson.*

Affirmed.

REILLY, P.J., dissenting, stated that stare decisis does not bind the Court of Appeals to follow decisions that are based on policy considerations that no longer exist. The public policy considerations that supported a purposely broad construction of the term "occupying" as used in an automobile insurance policy have ceased to exist with the adoption of the no-fault act, and the plaintiff's remedies more properly lie in the assigned claims provisions of the no-fault act, MCL 500.3172; MSA 24.13172.

INSURANCE — NO-FAULT — OCCUPATION OF VEHICLES.

The term "occupying," as used in an automobile insurance policy, is to be broadly construed to include persons not actually inside or in contact with the insured vehicle at the time of an accident if such persons occupied the vehicle immediately before the accident, and subsequent injury arose out of the use or repair of the vehicle.

*Patterson & Patterson, Whitfield, Manikoff, Waddell, Moore & White, P.C.* (by *Gerald G. White* and *Richard A. Patterson*), for Frederick R. Rohlman.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Charles A. Huckabay*), for Hawkeye Security Insurance Company.

*Brandt, Hanlon, Becker, Lanctot, McCutcheon, Schoolmaster & Taylor* (by *A. Randolph Judd*) and (*MacArthur, Cheatham & Acker, P.C.,* by *James G. Gross* and *Dwight R. Robinson,* of Counsel), for Automobile Club of Michigan and Auto Club Insurance Association.

Before: REILLY, P.J., and CYNAR and WAHLS, JJ.

WAHLS, J. In this action for a declaratory judgment to determine plaintiff's entitlement to first-party no-fault benefits pursuant to an insurance policy issued by defendant Hawkeye Security Insurance Company, defendant Hawkeye appeals as of right from a May 23, 1988, Oakland Circuit Court order granting plaintiff Frederick Rohlman's motion for summary disposition pursuant to MCR 2.116(A)(2) and a November 16, 1988, circuit court judgment awarding plaintiff $42,280 in personal injury protection and uninsured motorist no-fault benefits. We affirm.

The operative facts of this case are not in dispute. On August 5, 1985, plaintiff was one of several passengers traveling through Ohio, en route to Michigan, in a 1985 Chevrolet van owned by Vicki Stevens and her mother, Effie Stevens. The van, which was towing a small two-wheeled utility trailer, was insured under a form policy of no-fault insurance issued by Hawkeye, naming Vicki Stevens as the insured. The trailer was owned by Effie Stevens and insured by third-party defendant Auto Club Insurance Association.

Vicki Stevens drove the van across some railroad tracks, which apparently caused the trailer to become unhitched from the van. After spinning on the road several times, the trailer came to rest on its roof in the left-turn lane on the opposite side of the highway. Vicki Stevens then turned the van around and stopped in the left-turn lane, approximately ten to twenty feet behind the trailer.

Plaintiff alighted from the van and walked to the trailer, intending to turn it over on its wheels. Plaintiff only managed to lift the trailer about 3½ feet before lowering it to the ground. As plaintiff was in the process of attempting to lift the trailer a second time, he was struck by an unidentified

hit-and-run driver. Approximately two minutes elapsed from the time plaintiff got out of the van until he was struck by the vehicle. Plaintiff, who had no insurance coverage of his own, sustained serious injuries as a result of the accident.

On October 21, 1986, plaintiff instituted this action against Hawkeye to obtain a judicial determination of his rights to personal injury protection and uninsured motorist benefits under Vicki Stevens' no-fault policy. Hawkeye subsequently moved for summary disposition on the basis that plaintiff was not entitled to no-fault benefits because plaintiff was not "occupying" either the trailer or the van at the time of the accident.

The trial court, relying primarily on the Michigan Supreme Court's holding in *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), ruled that plaintiff was "occupying" the van at the time of the accident because: (1) if the trial court had not found plaintiff, an uninsured person, to be an occupant of the van, plaintiff would have had no recovery for his injuries; and (2) public policy reasons support a purposely broad construction of the policy term "occupying" because "plaintiff alighted from the van to right a trailer which had been attached to it when he was injured."

On appeal, Hawkeye first contends that plaintiff is not entitled to recover personal injury protection or uninsured motorist benefits under the no-fault policy issued to Vicki Stevens because plaintiff was not "occupying" the van or trailer at the time of the accident. We disagree. Hawkeye's argument is contrary to the rules of construction governing insurance contracts.

Part B of the form policy issued by Hawkeye to Vicki Stevens provides that Hawkeye will pay reasonable expenses incurred for necessary medical services because of bodily injury caused by an

accident and sustained by a "covered person."[1] Part C of the form policy issued by Hawkeye provides that Hawkeye will pay damages that a "covered person" is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury caused by an accident and sustained by a "covered person."[2]

The term "covered person" is defined in Parts B and C of the policy as the named insured, such insured's family member, or any other person

---

[1]

PART B MEDICAL PAYMENTS COVERAGE

We will pay reasonable expenses incurred for necessary medical and funeral services because of bodily injury:
1. Caused by accident; and
2. Sustained by a covered person.
We will pay only those expenses incurred within 3 years from the date of the accident.
"Covered person" as used in this Part means:
1. You or any family member:
a. while occupying; or
b. as a pedestrian when struck by:
a motor vehicle designed for use mainly on public roads or a trailer of any type.
2. Any other person while occupying your covered auto.

[2]

PART C UNINSURED MOTORISTS COVERAGE

We will pay damages which a covered person is legally entitled to recover from the owner or operator of an uninsured motor vehicle because of bodily injury:
1. Sustained by a covered person; and
2. Caused by an accident.
The owner's or operator's liability for these damages must arise out of the ownership, maintenance or use of the uninsured motor vehicle.
Any judgment for damages arising out of a suit brought without our written consent is not binding on us.
"Covered person" as used in this Part means:
1. You or any family member.
2. Any other person occupying your covered auto.
3. Any person for damages that person is entitled to recover because of bodily injury to which this coverage applies sustained by a person described in 1. or 2. above.

"occupying" the covered auto, i.e., the van or the trailer.[3] The term "occupying" is defined in the definition section of the policy as "in, upon, getting in, on, out or off."

In *Nickerson, supra,* the plaintiff was a passenger in a car that became disabled. Its occupants pushed the vehicle off the road, and the plaintiff got out of the car and walked in front of it. An uninsured automobile struck the vehicle from which the plaintiff had just alighted, driving it forward into the plaintiff and injuring him. Under the terms of the vehicle owner's insurance policy, the plaintiff was only covered for uninsured motorist benefits if he was injured while "occupying" the vehicle. Our Supreme Court ruled that the term "occupying," as contained in the insurance policy, should be construed broadly to include those persons not actually inside or in contact with the vehicle at the time of the accident if there was "immediate prior 'occupying' of the insured vehicle" and the subsequent injury arose "out of the use or repair of the same vehicle." *Id.,* pp 331-332.

Subsequently, in *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984), our Supreme Court was asked to determine which of two insurance companies was responsible to pay benefits pursuant to the no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* On the day in question, Mr. Karam (the insured) and his spouse had just returned home. Mr. Karam opened the garage door with his remote control from inside the car, which was owned and insured by his employer. Parked inside the garage was Mr. Karam's own vehicle, which was insured by the defendant. Mrs. Karam got out of the car, and proceeded to the garage. Mr. Karam attempted to

---

[3] Hawkeye does not dispute that the two-wheeled utility trailer was a "covered auto" under Vicki Stevens' policy.

back the car into the garage but, unfortunately, a pop bottle lodged under the brake pedal and depressed the accelerator. Mr. Karam's vehicle struck the side of the garage, causing the overhead door to crash down on both cars, and it also struck Mrs. Karam, knocking her against the back wall.

MCL 500.3114(3); MSA 24.13114(3) provided that an employee's spouse sustaining "injury while an occupant of a motor vehicle owned or registered by the employer" could receive personal injury benefits from the insurer. At issue was the construction of the statutory term "occupant," as used in the no-fault act.

Our Supreme Court held that while the intent of the parties is considered in construing insurance policy language, with ambiguous terms being construed against the insurer, statutory terms are given their general or primary meanings, in accordance with legislative intent. Thus, the Supreme Court distinguished its prior holding in *Nickerson,* stating that "on its facts and in the rules governing the interpretation of its language, [*Nickerson*] is simply inapplicable to this case and cases like it requiring construction of the term 'occupant' in the no-fault act." *Id.,* p 574.

The Court went on to hold that it was unnecessary to construe the meaning of the statutory term "occupant" as used in §§ 3114 and 3115 of the no-fault act as including persons within and upon a motor vehicle as well as those entering into and alighting from a motor vehicle because, "whatever her status was after she left the motor vehicle in the street and walked some 60 feet to the rear of the garage where the Pontiac struck her, Mrs. Karam was 'not an occupant' of the vehicle when she was injured." *Id.,* p 576.

Thus, there are two key distinctions between *Nickerson* and *Royal Globe.* First, and foremost,

the former construed the term "occupying" as used in a private insurance contract, while the latter construed the term "occupant" as used in the no-fault act. Therefore, the principle, articulated in *Nickerson,* i.e., that doubtful or ambiguous terms in an insurance policy are to be construed against the drafter, is still good law and, further, is controlling in the instant case.[4] See *Auto Club Ins Ass'n v DeLaGarza,* 433 Mich 208, 213; 444 NW2d 803 (1989); *Auto-Owners Ins Co v Boissonneault,* 182 Mich App 375, 380; 451 NW2d 635 (1990). Unquestionably, the policy definition of the term "occupying" and the statutory definition of the term "occupant" are different, as developed through Michigan Supreme Court case law.

Second, the facts in *Nickerson* are markedly distinguishable from the facts in *Royal Globe.* Unlike the injured person in *Royal Globe,* the plaintiff in *Nickerson,* who was responding to an unexpected highway emergency, had not reached his intended destination at the time of the accident; once the vehicle had been repaired, or the problem alleviated, the plaintiff would have returned to the vehicle.

We note that since the enactment of the no-fault statute, this Court has decided a line of cases that follow the reasoning articulated by our Supreme Court in *Royal Globe.* In *Hackley v State Farm Mutual Automobile Ins Co,* 147 Mich App 115; 383 NW2d 108 (1985), *Griffin v Lumbermens Mutual Casualty Co,* 128 Mich App 624; 341 NW2d 163 (1983), *Winters v Nat'l Indemnity Co,* 120 Mich App 156; 327 NW2d 423 (1982), and *Kalin v DAIIE,* 112 Mich App 497; 316 NW2d 467 (1982),

---

[4] *Nickerson* was recently cited for the general proposition that ambiguities in an insurance policy must be resolved in favor of the insured. *Allstate Ins Co v Freeman,* 432 Mich 656, 708 n 7; 443 NW2d 734 (1989), reh den sub nom *Metropolitan Property & Liability Ins Co v DiCicco,* 433 Mich 1202 (1989) (BOYLE, J., concurring).

the issue on appeal turned on the interpretation of the term "occupant" as contained in §§ 3114 and 3115 of the no-fault act. These cases expressly noted that *Nickerson* was inapplicable to cases arising under the no-fault act, because *Nickerson* involved the interpretation of an insurance policy, and not construction of a statute. See *Hackley, supra,* pp 121-122; *Griffin, supra,* p 629; *Winters, supra,* p 161; *Kalin, supra,* pp 503-504.

In *Lankford v Citizens Ins Co of America,* 171 Mich App 413; 431 NW2d 59 (1988), a priority case, the plaintiff collided with another automobile while driving a rented vehicle. The plaintiff alighted from his vehicle in order to investigate the damage and, while he was bending over the front of the car with his right knee touching the front bumper and right hand on top of the car's hood another automobile, driven by an uninsured motorist, struck the rented vehicle from behind, severely injuring the plaintiff.

On appeal, the issue presented was which of two insurance companies, Citizens or Aetna, was responsible for the payment of first-party no-fault benefits. Because the plaintiff was not the named insured under the Aetna policy, his entitlement to uninsured motorist coverage under the policy depended on whether he was occupying the insured vehicle at the time of his injuries.

Aetna moved for summary disposition pursuant to MCR 2.116(C)(8) and (10), contending that, in accordance with *Royal Globe,* the plaintiff was not an "occupant" of the insured motor vehicle and, therefore, Aetna was not required to provide insured motorist coverage.

The plaintiff argued that the definition of "occupying" under Aetna's policy is controlled by *Nickerson* and, therefore, Aetna's policy provided primary coverage.

On appeal, a panel of this Court held that summary disposition pursuant to MCR 2.116(C)(10) was correctly granted to Aetna on the ground that the plaintiff was not an occupant of the vehicle at the time of the accident. Specifically, the panel stated:

[A]lthough factually *Nickerson* is on point with this case, the public policy considerations behind the *Nickerson* Court's interpretation of the term occupying are no longer applicable or binding in no-fault cases. . . .

This case arises under the no-fault act. We hold, therefore, that the interpretation of occupant as determined by *Royal Globe* applies and we must use its primary and generally understood meaning. Under the no-fault act and under the facts of this case, we find that [plaintiff] was not an occupant of the rented vehicle when he was struck by it.

We hold that the trial court properly declined to rely upon the "immediate prior occupancy" test derived from *Nickerson* since the validity of this test for use in construing the provisions of the no-fault act was rejected in *Royal Globe*. [171 Mich App 413. Citations omitted.]

After careful review of the facts in *Lankford,* we believe that the panel's reliance on *Royal Globe* was erroneous and transgressed the doctrine of stare decisis. "An elemental tenet of our jurisprudence, stare decisis, provides that a decision of the majority of justices of [the Supreme] Court is binding upon lower courts." *People v Mitchell,* 428 Mich 364, 369; 408 NW2d 798 (1987). *Lankford* appears to be an unwarranted extension of the holding in *Royal Globe.* Accordingly, because *Lankford* involved the interpretation of the term "occupying" as used in a private insurance contract, not the term "occupant" as used in the no-fault act, the *Lankford* panel was bound to follow

our Supreme Court's unanimous decision in *Nickerson.*

In the instant case, there is no justification for ignoring the well-established and time-honored principle that language in an insurance policy is to be strictly construed against the insurer. Because policy language is at issue in the instant case, we are bound to follow the holding in *Nickerson.* Here, Hawkeye has sought to exclude coverage on the basis of an ambiguity in the insurance contract. This is impermissible. " 'Wherever there are two constructions that can be placed upon the policy, the construction most favorable to the policyholder will be adopted.' " *Powers v DAIIE,* 427 Mich 602, 623; 398 NW2d 411 (1986), quoting *DeLand v Fidelity Health & Accident Mutual Ins Co,* 325 Mich 9, 18; 37 NW2d 693 (1949).

In light of our resolution of this issue, we need not consider the remaining issues raised on appeal. Plaintiff is entitled to coverage and PIP benefits under the Hawkeye policy as set forth in the trial court's August 4, 1987, opinion and corresponding order.

Affirmed.

Cynar, J., concurred.

Reilly, P.J. *(dissenting).* I respectfully dissent because I do not believe the concept of stare decisis binds this Court to follow decisions that are based on policy considerations that no longer exist.

In *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), a case involving a contract of insurance before no-fault, the plaintiff would only be an "assured" covered for injuries caused by an uninsured motorist if the plaintiff was "occupying the insured automobile." In *Nickerson,* the term "occupying" was explicitly defined

in the insurance policy as "in or upon or entering into or alighting from." Our Supreme Court ruled that the policy term "occupying" should be construed in a broad manner so as to include those persons not actually inside or in contact with the vehicle at the time of the accident if there was "immediate prior 'occupying' of the insured vehicle" and the subsequent injury arose "out of the use or repair of the same vehicle." *Nickerson, supra* at 328-331.

Subsequently, in *Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565; 357 NW2d 652 (1984), the Court acknowledged that its interpretation of the contract language in *Nickerson* was calculated to avoid a dilemma that has been vitiated with the adoption of the no-fault act. If the Court had not found that Nickerson was "occupying" the vehicle, Nickerson would have had no recovery for his injuries under the insurance policy because the vehicle that caused his injuries was uninsured. Therefore, as a matter of public policy, a broad, obviously strained construction was adopted for the purpose of finding coverage. *Nickerson, supra* at 331; *Royal Globe Ins Cos, supra* at 574.

Since the enactment of the no-fault act, however, several other panels of this Court, including the one that decided *Lankford v Citizens Ins Co of America,* 171 Mich App 413; 431 NW2d 59 (1988), have questioned the soundness of utilizing *Nickerson* as authority to construe the statutory term "occupant" or a policy definition of "occupying" under the no-fault act. See *Hackley v State Farm Mutual Automobile Ins Co,* 147 Mich App 115; 383 NW2d 108 (1985); *Auto-Owners Ins Co v Turner,* 135 Mich App 522; 354 NW2d 813 (1984); *Royston v State Farm Mutual Automobile Ins Co,* 130 Mich App 602; 344 NW2d 14 (1983); *Griffin v Lumber-*

*mens Mutual Casualty Co,* 128 Mich App 624; 341 NW2d 163 (1983); *Winters v National Indemnity Co,* 120 Mich App 156; 327 NW2d 423 (1982); *Davis v Auto-Owners Ins Co,* 116 Mich App 402; 323 NW2d 418 (1982); *Kalin v DAIIE,* 112 Mich App 497; 316 NW2d 467 (1982).[1]

In rejecting the Supreme Court's broad interpretation of the term "occupying" in *Nickerson,* the *Lankford* panel held:

> The rationale underlying the *Nickerson* decision was eliminated by the repeal of the uninsured motorist statute and the passage of the Michigan no-fault act, MCL 500.3101 *et seq.;* MSA 24.13101 *et seq.* Under no-fault legislation, all fundamental damages are provided for through first-party personal protection coverage or the assigned claims facility, MCL 500.3172; MSA 24.13172. Thus, the primary dilemma which one injured by an uninsured motorist previously faced no longer exists. *St Bernard v Detroit Automobile Inter-Insurance Exchange,* 134 Mich App 178, 188-189; 350 NW2d 847 (1984). [171 Mich App 420.]

I am likewise persuaded that the public policy considerations voiced in *Nickerson* and by the trial court in this case are not relevant here and should not control our decision. Therefore, I would hold that the policy term "occupying" should be given a literal construction consistent with the primary and generally understood meaning of the term used in the policy definition.

On the facts of this case, I would conclude that plaintiff was not a "covered person," because he

---

[1] Cf. *Hawkins v Allstate Ins Co,* 132 Mich App 603, 607; 347 NW2d 760 (1984); *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292, 301-302; 269 NW2d 570 (1978), *rev'd in part* 408 Mich 164; 289 NW2d 708 (1980); *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511, 515-517; 282 NW2d 374 (1979); *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979).

was not "occupying" a covered auto. Plaintiff was not "in, upon, getting in, on, out or off of" either the van or the trailer when the collision occurred. Although plaintiff apparently had his hands on the trailer, he was standing beside the trailer with both feet on the pavement, with no intention of entering the trailer. Further, approximately two minutes elapsed from the time plaintiff alighted from the van until he was struck by the unidentified vehicle. Because plaintiff was not "occupying" a "covered car," Hawkeye should have no obligation to pay no-fault benefits to plaintiff. Consequently, I believe the trial court erred in granting summary disposition in favor of plaintiff. As a matter of law, summary disposition should have been granted in favor of defendant Hawkeye. Plaintiff's remedy would be to seek coverage under the assigned claims provision. MCL 500.3172; MSA 24.13172.