AUTO-OWNERS INSURANCE COMPANY v FARM BUREAU
INSURANCE GROUP

Docket No. 116473. Submitted January 11, 1990, at Grand Rapids.
Decided March 19, 1990.

Charles W. Montgomery was driving his employer's truck on the employer's farm. He got out of the truck to move some tools which were in the truck's path, leaving the motor running and the door open. As Montgomery was returning to the truck, the transmission slipped into reverse. Montgomery jumped on the running board and reached inside the truck, but slipped and fell under the truck and was injured. Auto-Owners Insurance Company, the no-fault insurer of Montgomery's personal motor vehicle, paid him no-fault benefits and brought an action in the Van Buren Circuit Court against Farm Bureau Insurance Group, the no-fault insurer of the employer's vehicle, seeking to recover for the amounts paid. The trial court, Meyer Warshawsky, J., entered a judgment for Auto-Owners after finding that Montgomery was an occupant of his employer's truck when he was injured. Farm Bureau appealed from that order. Auto-Owners cross appealed from the denial of its claim for attorney fees and costs.

The Court of Appeals *held:*

1. Montgomery was an "occupant" of his employer's truck within the meaning of the no-fault act at the time he sustained the injuries.

2. The trial court did not err in denying Auto-Owners' request for attorney fees and costs since a legitimate question of the definition of "occupant" existed here.

Affirmed.

1. INSURANCE — NO-FAULT — OCCUPANT — AUTOMOBILES.

A truck driver was an "occupant" of the truck which injured him within the meaning of the no-fault act where his injury occurred when he got out of the truck to move something from its

REFERENCES

Am Jur 2d, Automobile Insurance §§ 345, 351.

What constitutes occupancy of motor vehicle for purposes of no-fault automobile insurance coverage. 35 ALR4th 364.

path, leaving the motor running and the door open, the transmission slipped into reverse and he jumped on the running board and was reaching inside the truck when he slipped and fell under the moving truck.

2. INSURANCE — No-FAULT — ATTORNEY FEES.

Attorney fees may be charged against an insurer under the no-fault act where the insurer acted unreasonably in withholding payment; a delay in payment is not unreasonable where it is the product of a bona fide factual uncertainty.

*Piatt, Bartosiewicz & Tiderington* (by *Gary P. Bartosiewicz*), for plaintiff.

*Denenberg, Tuffley, Bocan, Jamieson, Black, Hopkins & Ewald, P.C.* (by *William J. Ewald* and *Woodrow A. Yared*), for defendant.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

NEFF, J. Defendant appeals as of right from a judgment entered by the circuit court in favor of plaintiff which ordered that defendant is liable for payment of all no-fault benefits which have become, or may in the future become, due as a result of a June 4, 1987, motor vehicle accident involving Charles W. Montgomery. Plaintiff cross appeals from the judgment which denied its claim for attorney fees and costs. We affirm.

I

The central issue in this appeal is whether Montgomery was an "occupant" of the truck within the meaning of the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.*, at the time he sustained injuries. The trial court found that Montgomery was an occupant within the meaning of the act.

Findings of fact by the trial court may not be set aside unless they are clearly erroneous. MCR 2.613(C). On the record before us, we cannot conclude that the trial court's finding that Montgomery was an occupant of a motor vehicle was clearly erroneous.

Montgomery was driving his employer's truck on the employer's farm. He got out of the truck to move some tools which were in the truck's path, leaving the motor running and the door open. As Montgomery was returning to the truck, the transmission slipped into reverse. He jumped on the running board and was reaching inside the truck when he slipped and fell under the truck and was injured.

Under these facts, we agree with the trial court's determination that Montgomery was an occupant of the truck when he was injured.

II

Plaintiff cross appeals, arguing that the trial court erred in determining that it was not entitled to attorney fees and costs. We disagree.

For attorney fees to be charged against an insurer, the insurer must have acted unreasonably in withholding payment. *Wood v DAIIE,* 413 Mich 573, 587; 321 NW2d 653 (1982). A delay in payment is not unreasonable where it is the product of a bona fide factual uncertainty. *Joiner v Mich Mutual Ins Co,* 137 Mich App 464, 479; 357 NW2d 875 (1984). A legitimate question of the definition of "occupant" existed here. Therefore, the trial court did not err in denying plaintiff's request for attorney fees and costs.

Affirmed.