FARM BUREAU MUTUAL INSURANCE COMPANY v MIC
GENERAL INSURANCE CORPORATION

Docket No. 128232. Submitted December 3, 1991, at Lansing. Decided
March 17, 1992, at 9:05 A.M.

Farm Bureau Mutual Insurance Company brought an action in
the Genesee Circuit Court against MIC General Insurance
Corporation, seeking a declaration regarding which insurer had
primary liability to pay no-fault personal protection insurance
benefits for Ronald Boone. Boone was injured while riding atop
the hood of a moving automobile that collided with another
automobile. Neither Boone nor the driver of the automobile on
whose hood he was riding was covered by any no-fault insur-
ance policy, but the driver of the other automobile was insured
by MIC General. Boone filed a claim for no-fault benefits with
the Assigned Claims Facility, which assigned the claim to Farm
Bureau. The court, Philip C. Elliott, J., entered a judgment for
Farm Bureau, ruling that Boone was not an occupant of the
uninsured automobile on whose hood he was riding and that
MIC General, as the insurer of the other automobile, was
primarily liable under the no-fault act for Boone's no-fault
benefits. MIC General appealed.

The Court of Appeals *held:*

For purposes of the personal protection insurance provisions
of the no-fault act, MCL 500.3114; MSA 24.13114, a person in
or on a motor vehicle is an occupant of that vehicle. In this
case, Boone was an occupant of the uninsured automobile
because he was on it. The trial court erred in ruling otherwise.

Reversed and remanded.

INSURANCE — NO-FAULT — OCCUPANTS OF VEHICLES.

A person in or on a motor vehicle is an occupant of that vehicle
for purposes of the personal protection insurance provisions of
the no-fault act; a person who rides atop the hood of a moving
automobile is on that automobile and therefore its occupant for

REFERENCES

Am Jur 2d, Automobile Insurance § 136.

See the Index to Annotations under Automobile Insurance; No-
Fault Insurance.

purposes of determining an insurer's liability for personal protection benefits for accidental bodily injury (MCL 500.3114; MSA 24.13114).

*Garan, Lucow, Miller, Seward, Cooper & Becker, P.C.* (by *William J. Brickley* and *Mark C. Smiley*), for Farm Bureau Mutual Insurance Company.

*Siemion, Huckabay, Bodary, Padilla & Morganti, P.C.* (by *Charles A. Huckabay* and *Thomas M. Caplis*), for MIC General Insurance Corporation.

Before: GRIFFIN, P.J., and HOOD and MCDONALD, JJ.

PER CURIAM. This is a declaratory action to determine which of two insurance companies must pay personal injury protection (PIP) benefits to Ronald Boone, who was injured in a two-vehicle accident. On the basis of its finding that Boone was not an "occupant" of the uninsured vehicle that caused the accident, the circuit court ruled that defendant MIC General Insurance Company, the insurer of the other vehicle, was primarily liable for those benefits pursuant to § 3115 of the no-fault act, MCL 500.3101 *et seq.*; MSA 24.13101 *et seq.* Accordingly, MIC General appeals as of right from the declaratory judgment entered in favor of plaintiff Farm Bureau Mutual Insurance Company. We reverse.

The underlying facts of this controversy are not in dispute. At the time of the accident, claimant Ronald Boone lived with defendant Willie Bradley in Flint. Bradley owned the vehicle involved in the accident, but did not purchase insurance for it. Boone neither owned an automobile nor had insurance in his own name.

On December 20, 1987, Bradley lent Boone her automobile. Later that day, she went looking for

Boone to get her car back for her own use. After Bradley located him, Boone drove Bradley where she wanted to go, but was angry at her for wanting to take the car. During the trip back to Bradley's home, the two began to argue, and Boone struck Bradley several times on the face and head. Unfortunately, the car ran out of gasoline, causing Boone to become more agitated.

After obtaining gasoline, Boone replaced the keys in the ignition but then remembered that he needed to do something under the hood in order to get the car started. When he got out of the car, Bradley locked the doors and refused to let him back in. Boone threatened her with a knife and tried to break one of the windows. Bradley started the car and began to drive away, but Boone jumped on the hood of the car and grabbed onto the edge of the hood near the windshield wipers. Bradley continued to drive for several blocks, not wanting to stop because of Boone's threats of physical abuse. Trying to get home as quickly as possible, Bradley ran at least one red light. As she entered the intersection of Dayton and M. L. King, her vehicle struck a vehicle driven by Eliza Green and insured by MIC General. Boone was thrown from the hood of Bradley's automobile and suffered serious injuries.

Because neither he nor Bradley had no-fault insurance, Boone filed his claim for PIP benefits with the Assigned Claims Facility through the Secretary of State. Farm Bureau was assigned to adjust the claim and paid benefits. Farm Bureau then sought reimbursement from MIC General, contending that Boone was not an "occupant" of Bradley's uninsured vehicle and thus, under the priority provisions of § 3115 of the no-fault act, MIC General, as insurer of the owner of the other vehicle involved in the accident, was primarily

liable for Boone's PIP benefits. MIC General disagreed and refused to pay Farm Bureau.

As a result, Farm Bureau filed this declaratory action on March 3, 1989. Both parties filed motions for summary disposition. Citing *Childs v American Ins Co,* 177 Mich App 589; 443 NW2d 173 (1989), the trial court found that Boone was not occupying Bradley's vehicle because, "out of fear of him, Ms. Bradley was preventing him from becoming an occupant."

On appeal, MIC General contends that the trial court erred in ruling that Boone was not an occupant of Bradley's vehicle. MIC General asserts that any person who is in or on a motor vehicle is an "occupant" of that motor vehicle. We conclude that under the bizarre facts of this case Boone was an occupant of the vehicle being driven by Bradley because he was "upon" the vehicle while he was being transported on its hood for several blocks. Accordingly, by operation of MCL 500.3114(4); MSA 24.13114(4) and MCL 500.3172; MSA 24.13172, plaintiff Farm Bureau Mutual Insurance Company, as assigned by the Assigned Claims Facility, is responsible for the PIP benefits due as the result of the accident. The trial court erred in ruling otherwise.

Before the enactment of the no-fault act, the term "occupant" as used in automobile insurance policies was given an expansive construction by the Supreme Court. In *Nickerson v Citizens Mutual Ins Co,* 393 Mich 324; 224 NW2d 896 (1975), the Supreme Court declined to adopt a restrictive and bright line "physical contact" test to define the term. On the contrary, although the policy in *Nickerson* defined "occupying" as "in or upon or entering into or alighting from" the vehicle, the Supreme Court, for reasons of public policy, broadened this contractual definition to include the

"immediate prior 'occupying' of the insured vehicle and . . . subsequent injury arising out of the use or repair of the same vehicle." *Id.* at 331.

Subsequently, several panels of this Court applied the *Nickerson* definition to no-fault cases. See, e.g., *Ottenwess v Hawkeye Security Ins Co,* 84 Mich App 292; 269 NW2d 570 (1978), *Hathcox v Liberty Mutual Ins Co,* 90 Mich App 511; 282 NW2d 374 (1979), and *McPherson v Auto-Owners Ins Co,* 90 Mich App 215; 282 NW2d 289 (1979).

In *Royal Globe Ins Co v Frankenmuth Mutual Ins Co,* an unpublished opinion per curiam, decided June 30, 1982 (Docket No. 57496), this Court followed this line of authority by utilizing *Nickerson.* In that case, the claimant, Mrs. Karam, had just returned home with her husband in an automobile owned by Mr. Karam's employer and insured by the plaintiff. Mrs. Karam retrieved some items from the car and was going through the garage to open up the house and then return to unload the car. As Mrs. Karam looked for her keys, Mr. Karam proceeded to back the car into the garage, but, because of a misplaced bottle, the car rapidly accelerated when he placed his foot on the brake pedal. The car struck Mrs. Karam and knocked her against the back wall of the garage.

A dispute arose between the plaintiff and the defendant, the insurer of the Karams' other automobile, which was also damaged in the accident. In determining which insurer was primarily liable for the PIP benefits, the issue to be resolved was whether Mrs. Karam was an "occupant" of the vehicle her husband was operating at the time the accident occurred. This Court applied *Nickerson.* On further appeal, however, the Supreme Court reversed, holding that it was error to apply the *Nickerson* definition of "occupying" in the no-fault context:

The first and most significant distinction between *Nickerson* and this case is the fact that *Nickerson* is a pre-no-fault act case in which the Court was construing the terms of a private insurance contract rather than, as in this case, the language of a statute. It is a familiar and fundamental rule of construction of a private automobile insurance policy that the court's first duty is to determine, from the language used, the apparent intention of the contracting parties, and then to construe doubtful or ambiguous terms favorably to the insured and against the insurer as the contract drafter. See *Gorham v Peerless Life Ins Co,* 368 Mich 335; 118 NW2d 306 (1962); *Raska v Farm Bureau Mutual Ins Co of Michigan,* 412 Mich 355; 314 NW2d 440 (1982). The language of a statute, on the other hand, is required to be construed by assigning the words used their primary and generally understood meaning consistent with the apparent intention of the Legislature in enacting the law. See *AT&T v Employment Security Comm,* 376 Mich 271, 279; 136 NW2d 889 (1965) (opinion of O'HARA, J.)

A second important distinction between *Nickerson* and this case is that, in *Nickerson,* the term being construed was "occupying," and it was expressly defined in the policy as meaning "in or upon or entering into or alighting from." The operative term in the no-fault act and applicable to this case is "occupant" which is not defined in the statute and is not used together with the expression "entering into or alighting from" the vehicle.

A further and significant distinction between this case and *Nickerson* is that, in the latter, if this Court had not found Nickerson to be an occupant of the Parvin vehicle, Nickerson would have had no recovery for his injuries under the insurance policy since the vehicle which caused his injuries was uninsured. Under the no-fault act, and the facts of this case, no such dilemma exists. Mrs. Karam is entitled to no-fault benefits. She has received some and may be entitled to more.

The decision as to the meaning of the statutory term "occupant" determines only which of the two contesting insurance carriers in this case pays the no-fault benefits. Thus, a purposely broad construction of the term "occupant," for the public policy purpose of finding coverage, and, as the *Nickerson* Court put it, to guard against recovery based entirely upon "fortuitous circumstances," is unnecessary and inappropriate. *Nickerson,* therefore, on it facts and in the rules governing the interpretation of its language, is simply inapplicable to this case and cases like it requiring construction of the term "occupant" in the no-fault act. [*Royal Globe Ins Cos v Frankenmuth Mutual Ins Co,* 419 Mich 565, 572-574; 357 NW2d 652 (1984).]

Although two no-fault policies were involved in *Royal Globe,* the Supreme Court did not focus on any specific policy language, but rather on the statutory term "occupant" as used in the no-fault act.[1] In ruling that Mrs. Karam was not an occupant at the time she was injured, the Court held that the statutory term "occupant" is to be "assigned its primary and generally understood meaning." *Id.* at 575. In a footnote, the Supreme Court referred to the term "occupant" as follows:

On the facts of this case, it is patently clear that Mrs. Karam was not "in or upon or entering into or alighting from" the vehicle which struck her, when it struck her. For that reason it is unnecessary for us to decide today whether "occupant," as used repeatedly in the no-fault act but never de-

---

[1] In this case, there is not a no-fault policy applicable to the motor vehicle that Boone was allegedly occupying. The Bradley vehicle was uninsured and the involvement of Farm Bureau is solely by virtue of an assignment by the Assigned Claims Facility. Accordingly, unlike *Rohlman v Hawkeye Security Ins Co,* 190 Mich App 540; 476 NW2d 461 (1991), there is no policy term of "occupant" to be applied. Rather, the statutory term "occupant" is the only matter at issue. *Rohlman* is therefore not controlling pursuant to Administrative Order No. 1990-6, 436 Mich lxxxiv.

fined, includes entering into or alighting from a vehicle. We note in passing, however, that in § 3106, which is concerned with liability arising from bodily injury suffered in connection with a parked vehicle, the Legislature provided coverage in certain circumstances when a person is "occupying, entering into, or alighting from the [parked] vehicle." [*Royal Globe, supra* at 574, n 5.]

Furthermore, in the body of the opinion, the Supreme Court stated:

Whether in another case, on other facts, it will be appropriate to construe the meaning of the statutory term "occupant" as used in § 3114 and § 3115 as including persons within and upon a motor vehicle as well as those entering into and alighting from it remains to be seen. It is certainly unnecessary, and indeed inappropriate for us to do so on the facts before us. [*Royal Globe, supra* at 576.]

Although the Supreme Court left unresolved in *Royal Globe* the issue whether persons "entering into or alighting from" a vehicle are "occupants," the Court appeared to assume without difficulty that persons "in or upon" a vehicle are "occupants" as the term is used in the no-fault act.

The primary and generally understood meaning of the term "occupant" is best summarized by the commonly used policy definition of "in or upon" the vehicle. We therefore apply the "in or upon" definition to the no-fault statutory term "occupant."

In the present case, Boone was undoubtedly "upon" the Bradley vehicle while he was being transported on its hood for several blocks. In analogous contexts, we have held that a person sitting in the bed of a pickup truck, *Childs, supra,* and a person standing on a running board of a truck,

*Auto-Owners Ins Co v Farm Bureau Ins Group,*
182 Mich App 703; 452 NW2d 886 (1990), were
motor vehicle occupants. Although the injured
parties in *Childs* and *Auto-Owners* were not "in"
the vehicles, they were nevertheless "upon" them.
Whether the injured party intended to be trans-
ported by the vehicle in the manner that ulti-
mately transpired is of no consequence. We there-
fore conclude that Boone was an occupant of the
vehicle involved.

Accordingly, we reverse the judgment entered in
favor of plaintiff Farm Bureau and remand for
entry of a judgment in favor of defendant MIC
General.

Reversed and remanded.